UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEAL GOLDMAN,

               Plaintiff,

v.

RISHI GAUTAM, RIVERFORCE
PARTNERS, INC., RIVER CITIES
INVESTMENTS, LLC, and PAUL PENNEY

           Defendants.

Case No.  21-cv-00313 (JMF)

## ANSWER

Defendants Rishi Gautam, RiverForce Partners, Inc., and River Cities
Investments, LLC, by and through their attorneys, Hand, Baldachin & Associates, LLP, submit
their Verified Answer in response to the Verified Complaint filed by Plaintiff Neal Goldman:

## NATURE OF THE ACTION

1.      Defendants deny the allegations of this paragraph.

2.      Defendants deny the allegations of this paragraph to the extent they do not
accurately and completely describe the writing referenced therein, which speaks for itself, and
deny the remaining allegations of this paragraph.

3.      Defendants deny the allegations of this paragraph, except admit that Plaintiff
purports to assert claims against Defendants.

## THE PARTIES

4.      Defendants deny knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in this paragraph, which has the effect of a denial
under Rule 8(b)(5).

5.      Defendants admit the allegations in this paragraph.

6.      Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, and deny the remaining allegations of this paragraph.

7.      Defendants admit the allegations in this paragraph.

8.      Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them pursuant to Rule 8(b)(1)(B) and thus are considered denied or avoided under Rule 8(b)(6).

## JURISDICTION

9.      Defendants state that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10.      Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

11.      Defendants state that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## SUBSTANTIVE ALLEGATIONS

12.      Defendants deny the allegations of this paragraph as stated, except admit that Defendants Gautam and Penney met with Plaintiff at Plaintiff's office in Manhattan in 2019 to discuss Plaintiff's potential investment in a hedge fund that Defendants Gautam and Penney were looking to form. At that meeting, Plaintiff advised he was not interested in investing in Defendants Gautam's and Penney's hedge fund and, indeed, did not invest in Defendants Gautam's and Penney's hedge fund.

13.      Defendants deny the allegations of this paragraph.

14.     Defendants deny the allegations of this paragraph.

15.     Defendants admit the allegations of this paragraph, but deny that the $1 million wire payment was in any way connected with the hedge fund previously discussed with Mr. Goldman.  By way of further response, Defendants state that, at Goldman's request and direction, the $1 million that Goldman wired to RiverForce Partners was to be invested in Imageware Systems, Inc. as part of a capital raise.  At the time, Goldman was serving as a director of Imageware Systems, Inc.

16.     Defendants deny the allegations of this paragraph.

17.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

18.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

19.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

20.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

21.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

22.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

23.     Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

24. Defendants deny the allegations of this paragraph, except admit that the $1 million has not been repaid.

25. Defendants deny the allegations of this paragraph.

26. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

27. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

28. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

29. Defendants admit the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

31. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph concerning the value of the shares on July 1, 2020, which has the effect of a denial under Rule 8(b)(5).

32. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

33. Defendants deny the allegations of this paragraph, except admit that no payments were made to Plaintiff and no shares were transferred to Plaintiff.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Rishi Gautam, RiverForce Partners, Inc., and River Cities Investments, LLC)

34. Defendants incorporate their responses contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

36. Defendants deny the allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, which has the effect of a denial under Rule 8(b)(5).

39. Defendants deny the allegations of this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

## SECOND CAUSE OF ACTION
### (Breach of Contract against Paul Penney)

42. Defendants incorporate their responses contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

44. Defendants state that the allegations of this paragraph are legal conclusions and, so stating, denies them.

45. Defendants deny the allegations of this paragraph to the extent they do not accurately and completely describe the writing referenced therein, which speaks for itself.

Defendants state that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

46.     Defendants deny the allegations of this paragraph.

47.     Defendants deny the allegations of this paragraph.

48.     Defendants deny the allegations of this paragraph.

49.     Defendants deny the allegations of this paragraph.

50.     Defendants deny the allegations of this paragraph.

51.     Defendants deny the allegations of this paragraph.

### THIRD CAUSE OF ACTION
### (Fraudulent Inducement against Paul Penney)

52.     Defendants incorporate their responses contained in Paragraphs 1 through 51 as if fully set forth herein.

53.     Defendants deny the allegations of this paragraph.

54.     Defendants deny the allegations of this paragraph.

55.     Defendants deny the allegations of this paragraph.

56.     Defendants deny the allegations of this paragraph.

### FOURTH CAUSE OF ACTION
### (Fraud against Paul Penney)

57.     Defendants incorporate their responses contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Defendants deny the allegations of this paragraph.

59.     Defendants deny the allegations of this paragraph.

60.     Defendants deny the allegations of this paragraph.

61.     Defendants deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff obtained Defendants' consent to the contracts that are the subject of this action through fraud, deceit, or misrepresentation and the contracts are therefore invalid.

## FOURTH AFFIRMATIVE DEFENSE

The contracts that the subject of this action fail as to some or all Defendants for lack of consideration.

**WHEREFORE**, Defendants respectfully demand the following relief:

a.    Dismissal of the Complaint in its entirety, with prejudice and on the merits;

b.    An order awarding Defendants their interest, costs and disbursements herein, together with such other and further relief as the Court may deem just, proper, and equitable.

Respectfully submitted,

Dated: February 4, 2021          **HAND BALDACHIN & ASSOCIATES LLP**

By: _____
Adam B. Michaels
1740 Broadway, 15th Floor
New York, New York 10019
(212) 956-9500
amichaels@hballp.com

*Attorneys for defendant Rishi Gautam,*
*Riverforce Partners, Inc., and River Cities*
*Investments, LLC*

## <u>VERIFICATION</u>

RISHI GAUATM, being duly sworn, deposes and says:

I am the President and Managing Director of defendant RiverForce Partners, Inc. and Manager of defendant River Cities Investments, LLC.  I have read the foregoing Answer and know the contents thereof.  The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_Rishi Gautam_
_____
RISHI GAUTAM

State Of TEXAS
County Of Montgomery
Sworn to before me this _4th_
day of February 2021

_Anahi Gonzalez_
_____
Notary Public

NOTARY PUBLIC
STATE OF TEXAS

**Anahi Gonzalez**
_____
ID NUMBER
132788072
COMMISSION EXPIRES
**November 18, 2024**

Notarized online using audio-video communication