# HAND | BALDACHIN | ASSOCIATES LLP
## LAW OFFICES

1740 Broadway
15th Floor
New York, NY  10019

dir   212.956.9508
tel   212.956.9500
fax   212.376.6080
amichaels@hballp.com

September 14, 2021

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

        Re:    *Goldman v. Gautam, et al.*, 21-cv-00313 (JMF)

Dear Judge Furman:

        Pursuant to Your Honor's Individual Practice Rule 7(C)(ii), Hand Baldachin & Associates LLP ("HBA"), counsel of record for the Defendants, Rishi Gautam, RiverForce Partners, Inc., River Cities Investments, LLC and Paul Penney, submits this letter-motion requesting leave to file its Motion to Withdraw as Counsel of Record Pursuant to Local Rule 1.4 under seal for *in camera* review.

        HBA seeks under seal treatment for its submission because Defendants will be prejudiced if the basis for HBA's application were disclosed to Plaintiff Neal Goldman. [1]

        "[D]ocuments considered in support of motions to withdraw are routinely filed and considered under seal and in camera, which is the accepted procedure." *In re Hornbeam Corp.*, No. 14-MC-424 (Part 1), 2019 US Dist. LEXIS 198015, at *3 (S.D.N.Y. Nov. 13, 2019); *see also Thekkek v. LaserSculpt, Inc.*, No. 11–4426, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (reviewing "in camera the affidavit and memorandum of law in support of the motion" to withdraw); *Karimian v. Time Equities, Inc.*, No. 10–3773, 2011 WL 1900092, at *7 (S.D.N.Y. May 11, 2011) (sealing affidavits, exhibits, and memoranda associated with motion to withdraw); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165–66 (E.D.N.Y. 2006) (concluding after a review of relevant case law that "this method is viewed favorably by the

---

[1] Following a meet and confer, Plaintiff Neil Goldman ("Plaintiff"), through counsel, advises that he does not object to the underlying Motion to Withdraw or the under seal treatment of the motion.  Plaintiff advises that he does object to an open-ended and indefinite adjournment of discovery while Defendants secure new counsel and consents only to a two-week extension of each discovery deadline.



HAND BALDACHIN ASSOCIATES LLP

Hon. Jesse Furman
September 14, 2021
Page 2

courts"); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97–9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

Accordingly, for reasons that are evident in HBA's submission, to avoid any prejudice to Defendants, HBA respectfully requests permission to file its motion under seal for *in camera* review.

Thank you for your consideration.

Respectfully,

Adam B. Michaels

cc: All counsel of record (via ECF)
Rishi Gautam (via email)
Paul Penney (via email)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 36.

SO ORDERED.

September 15, 2021

